**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:26-cv-433**

| | |
|---|---|
| DELANDA ROBERTSON, *on behalf of herself and all others similarly situated,* | |
| Plaintiff, | **COMPLAINT** |
| v. | (JURY TRIAL DEMANDED) |
| JGW DEBT SETTLEMENT, LLC and THE J.G. WENTWORTH COMPANY, LLC, | |
| Defendants. | |

Plaintiff Delanda Robertson ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendants JGW Debt Settlement, LLC and The J.G. Wentworth Company, LLC ("Defendants"), alleging and stating as follows. All allegations are being made on information and belief except to Plaintiff's own actions, of which she has personal knowledge.

## I.     PRELIMINARY STATEMENT.

1.     Telemarketing calls and text messages are intrusive. Many people reasonably object to receiving these communications, which interrupt their lives and cause confusion and disruption on their phone records. Faced with growing public criticism of abusive telemarketing practices, the U.S. Congress enacted the Telephone Consumer Protection Act ("TCPA") in 1991. See Pub. L. No. 102-243, 105 Stat. 2394 (1991).[1]  As Congress explained, the law was enacted in response to consumers' "outrag[e] over the proliferation

---

[1] Codified at 47 U.S.C. § 227; implemented by 47 CFR § 64 – Subpart L.

of intrusive, nuisance calls...from telemarketers;" and sought to balance "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms." Id. §§ 2(6); (9).

2. One result of the TCPA was the national Do-Not-Call Registry maintained by the Federal Trade Commission ("FTC"). *See* 47 CFR § 64.1200(c)(2); 16 CFR § 310.4(b)(iii)(B) ("It is an abusive telemarketing act or practice and a violation of this Rule...[to] initiat[e] any outbound telephone call to a person [whose] telephone number is on the [Registry]"). These rules apply to anyone making telemarketing calls or text messages. *See, e.g.,* 47 CFR § 64.1200(e).

3. In short, if a person wishes to no longer receive telephone or text solicitations, she can add her telephone number to the Registry; the TCPA then restricts the telephone and text solicitations that can be made to that number. Id.; see also 16 CFR § 310.4(b)(iii)(B).

4. Accordingly, Congress created a private right of action under the TCPA for any person who receives telephone solicitations despite their number being listed on the Do-Not-Call Registry. 47 U.S.C. § 227(c)(5). Under the TCPA, Claimants may seek injunctive relief, monetary damages, or both. *Id.*

5. Following the TCPA, North Carolina implemented similar state-level legislation in 2003, the North Carolina Telephone Solicitations Act ("NCTSA"), N.C. GEN. STAT. § 75-100, et seq.[2]

6. Like its federal corollary, the NCTSA explicitly prohibits persons and entities from calling residential or mobile telephone numbers that appear in the Do-Not-Call

---

[2] *See also* N.C. Sess. L. 2003-411.

Case 3:26-cv-00433-MEO-DCK    Document 1    Filed 06/02/26    Page 2 of 18

Registry; and provides for a private right of action seeking injunctive relief, monetary damages, or both. *See* N.C. Gen. Stat. §§ 75-102(a); 105(b).

7. Like its federal corollary, the NCTSA's protections and strictures encompass both voice and other telephone calls as well as text messages. N.C. GEN. STAT. § 75-101(9),(12).

8. Accordingly, Plaintiff brings this action to enforce the consumer-privacy provisions related to the National Do Not Call Registry and internal do-not-call requirements of the TCPA and the NCTSA.

9. Specifically, Plaintiff alleges that Defendants violated the TCPA and the NCTSA by knowingly making telemarketing calls to the telephone numbers of Plaintiff and the putative Class, all of which are—and, at all relevant times, have been—listed on the Do-Not-Call Registry without the prior express invitation or permission of Plaintiff or any member of the putative Class.

## II.     THE PARTIES.

10. Plaintiff is a citizen and resident of North Carolina who is neither an infant, incompetent, nor in the military service of the United States.

11. Plaintiff is a *person* within the meaning of the TCPA; and a *telephone subscriber* under the NCTSA. See 47 U.S.C. § 153(39); N.C. Gen. Stat. § 75-101(11).

12. Defendant JGW Debt Settlement, LLC is a Nevada-organized limited liability company engaged in offering debt-settlement services to consumers with unsecured debt. Defendant JGW Debt Settlement, LLC is a subsidiary of The J.G. Wentworth Company, LLC. It maintains a principal place of business at 1200 Morris Drive, Chesterbrook, PA, 19087.

13. Defendant The J.G. Wentworth Company, LLC is a Delaware-organized limited liability company. It maintains a principal place of business at 1200 Morris Drive, Chesterbrook, PA, 19087.

### III.    JURISDICTION AND VENUE.

14. The foregoing allegations are incorporated by reference and realleged herein.

15. **Subject Matter Jurisdiction:** This Court has federal-question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227, *et seq*.

16. **Personal Jurisdiction:** This Court has specific personal jurisdiction over Defendants because they regularly do business in North Carolina, including this District.

17. **Venue:** Venue is proper under 28 U.S.C. § 1391(b)(2)—the calls at issue were sent within this District; thus a substantial part of the events giving rise to the claim occurred within this District.

### IV.    FACTUAL ALLEGATIONS.

18. The foregoing allegations are incorporated by reference and realleged herein.

### A. <u>The Relationship Between Defendants.</u>

19. Defendant The J.G. Wentworth Company, LLC ("J.G. Wentworth") is the parent company of Defendant JGW Debt Settlement, LLC ("JGW Debt Settlement"). The two entities share a common principal place of business at 1200 Morris Drive, Chesterbrook, PA, 19087.

20. J.G. Wentworth markets and offers debt settlement services to consumers under the "J.G. Wentworth" brand, including through its website and other consumer-facing channels, and directs consumers seeking those services to its subsidiary, JGW Debt Settlement.

21. The telemarketing calls at issue were placed to promote debt settlement services offered under the J.G. Wentworth brand. Upon contacting the telephone number used to place the calls, Plaintiff received an email confirmation from "JG Wentworth," confirming that the calls were placed by, for the benefit of, and under the apparent authority of J.G. Wentworth.

22. At all relevant times, JGW Debt Settlement acted as the agent of J.G. Wentworth, with actual and/or apparent authority to place telemarketing calls on its behalf and to market J.G. Wentworth-branded services. J.G. Wentworth controlled, directed, authorized, and/or ratified the telemarketing conduct of JGW Debt Settlement and benefited from the calls placed to Plaintiff and the putative Class.

23. Alternatively, and/or additionally, J.G. Wentworth knew or should have known of the telemarketing conduct alleged herein, accepted the benefits of that conduct, and ratified it by failing to take corrective action despite Plaintiff's complaints and requests that the calls cease.

## B. **Plaintiff's Factual Allegations.**

24. At no point did Plaintiff request or consent to receive telemarketing calls from the Defendants prior to receiving the calls at issue.

25. At no point did Plaintiff have any type of established prior relationship with Defendants prior to receiving the calls at issue.

26. Plaintiff's telephone number, (347) XXX-XX83, is a residential, non-commercial cellular telephone number that Plaintiff has used for many years for personal, residential, and household purposes. The number is not assigned to any business telephone exchange service, and as a cellular line it is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered.

27. Plaintiff's telephone number has been listed on the National Do Not Call Registry since at least May 2018.

28. Plaintiff has never been a customer of either Defendants.

29. Plaintiff has never provided her phone number to Defendants.

30. Beginning on or about December 13, 2025, Plaintiff received multiple telemarketing calls on her personal telephone number from telephone number (347) 477-1853.

31. The calls solicited Plaintiff to enroll in debt settlement services offered under the "J.G. Wentworth" brand.

32. Plaintiff confirmed that the calls were placed by or on behalf of Defendants. On February 23, 2026, Plaintiff dialed (347) 477-1853 — the same number from which the telemarketing calls originated. Within minutes of placing that call, Plaintiff received an email confirmation with the subject line "Thank you for contacting JG Wentworth," confirming that the number was operated by, or on behalf of, Defendants.

33. On or about December 16, 2025, Plaintiff verbally requested Defendants cease calls to her personal telephone number.

34. Despite Plaintiff's express request that Defendants cease calling her, Defendants placed least ten additional telemarketing calls to Plaintiff's telephone number between December 16, 2025, and January 5, 2026, including calls on December 17, December 18, December 30, January 2, and January 5. Each of these calls was placed after Plaintiff had clearly communicated to Defendants her desire to receive no further telephone solicitations from them.

35. Plaintiff e-mailed Defendants on January 5, 2026, asking Defendants to explain the illegal phone calls and provide justification.

36. The last call Plaintiff received from Defendants was on January 5, 2026.

37. Plaintiff e-mailed Defendants on February 9, 2026, again asking Defendants to explain the illegal phone calls and provide justification.

38. Plaintiff never received a response from Defendants on the two e-mailed letters.

39. The telemarketing calls described above caused Plaintiff concrete harm.

40. The calls invaded Plaintiff's privacy and intruded upon her seclusion in her home and on her personal cellular telephone. This is precisely the harm Congress sought to address when it enacted the TCPA and established the National Do Not Call Registry, and that the North Carolina General Assembly sought to address when it enacted the NCTSA. The injury Plaintiff suffered bears a close relationship to the kind of harm traditionally redressed by the common-law tort of intrusion upon seclusion.

41. The calls were unwanted and nonconsensual. Plaintiff registered her telephone number on the National Do Not Call Registry specifically to avoid receiving telemarketing communications of the type Defendants placed.

42. The calls caused Plaintiff annoyance, frustration, aggravation, and a sense of being harassed. Plaintiff was forced to expend time and attention reviewing the calls, determining their source, attempting to make them stop, and ultimately seeking legal redress — time and attention that would otherwise have been spent on personal, family, or work matters.

43. The calls further harmed Plaintiff by occupying her telephone line and the limited storage and bandwidth available on her cellular device, depleting battery and data resources, and rendering her phone temporarily unavailable to receive legitimate

communications, including communications she may have needed to receive while driving, working, attending to family responsibilities, or performing other critical tasks.

44. Each unwanted call separately and cumulatively contributed to these harms. Plaintiff and the members of the putative Classes have suffered the same or substantially similar concrete injuries as a result of Defendants' uniform unlawful conduct, including invasion of privacy, intrusion upon seclusion, annoyance and harassment, loss of time and attention, and the occupation of their telephone lines, storage, bandwidth, and device resources, rendering their phones temporarily unavailable for legitimate communications.

## V. CLASS ACTION ALLEGATIONS.

45. The foregoing allegations are incorporated by reference and realleged herein.

46. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendants encouraging the purchase of Defendants' services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint and continues to the date of trial.

> **NCTSA DNC Class:** All North Carolina telephone subscribers whose: (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received a telemarketing call or text message from or on behalf of Defendants encouraging the purchase of Defendants' services, (3) at any time in the period that begins four years before the date of filing this Complaint and continues to the date of trial.

**National Internal DNC Class**: All persons in the United States who, within four years before the filing of this Complaint and continuing through the date of trial, (1) received more than one telemarketing call from or on behalf of Defendants, (2) within a 12-month period, (3) after having communicated to Defendants a request to receive no further telemarketing calls.

**North Carolina Internal DNC Class**: All North Carolina telephone subscribers who, within four years before the filing of this Complaint and continuing through the date of trial, (1) received a telemarketing call from or on behalf of Defendants, (2) after having communicated to Defendants a request to receive no further telemarketing calls.

47. **Numerosity**: The exact number of Class members is unknown but based on the *en masse* nature of telemarketing is believed to be at least hundreds of persons at this time, and individual joinder in this case is impracticable. Class members can be easily identified through Defendants' records and/or those of Defendants' agents.

48. **Typicality**: Plaintiff's claims are typical of the claims of other Class members in that Plaintiff, and Class members, sustained damages arising out of Defendants' telemarketing calls and Class members sustained similar injuries and damages as a result of Defendants' uniform illegal conduct.

49. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions to vigorously prosecute this action on behalf of the Classes. Plaintiff has no interests that conflict with, or are antagonistic to those of, the Classes, and Defendants have no defenses unique to Plaintiff.

50. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and members of the Classes, and those questions predominate over any questions that may affect individual members of the

Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

a. Whether Defendants obtained "prior express invitation or permission" under the TCPA, before the calls at issue;

b. Whether Defendants called North Carolina telephone numbers on the Do Not Call Registry;

c. Whether Defendants called other telephone numbers on the Do Not Call Registry;

d. Whether Defendants have established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA's do-not-call regulations;

e. Whether Defendants made telephone calls after individuals had requested to no longer receive such calls or to individuals whose numbers were on the federal "Do Not Call List";

f. Whether Defendants should be held liable for violations committed on their behalf;

g. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other Class members are entitled to treble damages under 47 U.S.C. § 227(c)(5); and,

h. Whether Defendants established and implemented written procedures for maintaining an internal do-not-call list as required by 47 C.F.R. § 64.1200(d), and whether Defendants honored consumer do-not-call requests under both the TCPA and the NCTSA.

51. **Superiority**: Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are hundreds of Class members in each class, such that joinder of all members is impracticable.

52. In addition to satisfying these prerequisites, Plaintiff alleges that class treatment is furthermore appropriate because:

    a. The prosecution of separate actions by the individual Class members would create a risk of inconsistent or varying adjudication which would establish incompatible standards of conduct for Defendants;

    b. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

    c. Defendants have acted or refused to act on grounds that apply generally to the proposed Classes, thereby making final injunctive relief or declaratory relief herein appropriate with respect to the proposed Classes as a whole; and

    d. Questions of law or fact common to the members of the Classes predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## VI. CAUSES OF ACTION.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

53. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

54. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

55. Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the TCPA by causing multiple telephone solicitation calls to be initiated to Plaintiff and members of the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

56. These violations were willful or knowing.

57. As a result of Defendants' violations of the TCPA's national do-not-call rule, and/or such violations by Defendants' affiliates, agents, and/or other persons or entities acting on Defendants' behalf, Plaintiff and members of the National DNC Class are each entitled to statutory damages of $500.00 per violation, which the Court may treble to up to $1,500.00 per violation for willful or knowing violations, pursuant to 47 U.S.C. § 227(c)(5).

### SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227, and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the National Internal DNC Class)

58. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

59.     The TCPA and its implementing regulations require any person or entity initiating telephone solicitations to establish and implement written procedures to maintain a list of persons who have requested not to receive telemarketing calls from that person or entity (an "internal do-not-call list"), and to honor such requests. 47 C.F.R. § 64.1200(d).

60.     Specifically, 47 C.F.R. § 64.1200(d) requires, among other things, that a person or entity initiating telephone solicitations: (a) maintain a written policy, available upon demand, for maintaining an internal do-not-call list; (b) train personnel engaged in telemarketing on the existence and use of the internal do-not-call list; (c) record and honor a consumer's do-not-call request at the time the request is made; (d) honor such requests within a reasonable time, not to exceed 30 days from the date of the request; and (e) maintain a record of the request for at least five years.

61.     A person or entity that initiates a telephone solicitation without having established and implemented these procedures, or that fails to honor a consumer's do-not-call request, violates § 64.1200(d) and the TCPA.

62.     Defendants, and/or their affiliates, agents, and other persons or entities acting on Defendants' behalf, violated 47 C.F.R. § 64.1200(d) and the TCPA by, among other things: (a) failing to establish and implement reasonable written procedures to honor consumer do-not-call requests; (b) failing to train their personnel on the existence and use of an internal do-not-call list; (c) failing to honor Plaintiff's December 16, 2025 do-not-call request; and (d) initiating telephone solicitations to Plaintiff and members of the National Internal DNC Class after each of them had communicated to Defendants a request to receive no further telemarketing calls.

63. The continued calls Defendants placed to Plaintiff between December 16, 2025 and January 5, 2026, after Plaintiff's express request that they cease, demonstrate Defendants' failure to establish and implement the procedures required by 47 C.F.R. § 64.1200(d).

64. These violations were willful or knowing.

65. As a result of Defendants' violations of 47 C.F.R. § 64.1200(d) and the TCPA, and/or such violations by Defendants' affiliates, agents, and other persons or entities acting on Defendants' behalf, Plaintiff and members of the National Internal DNC Class are each entitled to statutory damages of $500.00 per violation, which the Court may treble to up to $1,500.00 per violation for willful or knowing violations, pursuant to 47 U.S.C. § 227(c)(5).

**THIRD CAUSE OF ACTION**
**Violations of the NCTSA, N.C. Gen. Stat. § 75-102(a).**
**(On Behalf of Plaintiff and the NCTSA DNC Class)**

66. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

67. Defendant JGW Debt Settlement, LLC is a *telephone solicitor* under the NCTSA. *See* N.C. Gen. Stat. § 75-101(10).

68. Defendant The J.G. Wentworth Company, LLC is a *telephone solicitor* under the NCTSA. *See* N.C. Gen. Stat. § 75-101(10).

69. Plaintiff is a *telephone subscriber* under the NCTSA. *See* N.C. Gen. Stat. § 75-101(11).

70. Each call made by Defendants to Plaintiff and all members of the putative NCTSA DNC Class is a *telephone solicitation* as defined by the NCTSA. *See* N.C. Gen. Stat. § 75-101(9).[3]

71. It is a violation of the NCTSA to initiate any telephone solicitation to a North Carolina telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. N.C. Gen. Stat. § 75-102(a).

72. Defendants and/or their affiliates, agents, and/or other persons or entities acting on their behalf violated the NCTSA by causing telephone solicitations to be delivered to Plaintiff and members of the NCTSA DNC Class, despite each member's registration of his or her telephone numbers on the National Do Not Call Registry.

73. As a result of Defendants' violations of the NCTSA, N.C. Gen. Stat. § 75-102(a), and/or such violations by affiliates, agents, and/or other persons or entities acting on Defendants' behalf, Plaintiff and members of the NCTSA DNC Class are entitled to and do seek an award of $500 in damages for the first violation, $1,000 for the second violation, and $5,000 for the third and subsequent violations, in addition to injunctive relief and attorneys' fees and costs, pursuant to N.C. Gen. Stat. § 75-105(b)(1), (b)(2), and (d).

**FOURTH CAUSE OF ACTION**
**Violations of the NCTSA, N.C. Gen. Stat. § 75-102(b)**
**(On Behalf of Plaintiff and the North Carolina Internal DNC Class)**

74. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

---

[3] Each call or text message made by Defendants to Plaintiff and the Class can also be described as an *unsolicited telephone call* as defined by the NCTSA. *See* N.C. GEN. STAT. § 75-101(12).

75. Defendant JGW Debt Settlement, LLC is a telephone solicitor under the NCTSA. See N.C. Gen. Stat. § 75-101(10).

76. Defendant The J.G. Wentworth Company, LLC is a telephone solicitor under the NCTSA. See N.C. Gen. Stat. § 75-101(10).

77. Plaintiff is a telephone subscriber under the NCTSA. See N.C. Gen. Stat. § 75-101(11).

78. The NCTSA prohibits a telephone solicitor from making "a telephone solicitation to a telephone subscriber's telephone number [after] the telephone subscriber previously has communicated to the telephone solicitor a desire to receive no further telephone solicitations from the telephone solicitor to that telephone number." N.C. Gen. Stat. § 75-102(b).

79. On December 16, 2025, Plaintiff communicated to Defendants her desire to receive no further telephone solicitations from Defendants to her telephone number.

80. Despite Plaintiff's request, Defendants, and/or their affiliates, agents, and other persons or entities acting on their behalf, continued to place telephone solicitations to Plaintiff between December 16, 2025 and January 5, 2026, in violation of N.C. Gen. Stat. § 75-102(b).

81. Defendants, and/or their affiliates, agents, and other persons or entities acting on their behalf, likewise violated N.C. Gen. Stat. § 75-102(b) by placing telephone solicitations to members of the North Carolina Internal DNC Class after each member had communicated to Defendants a desire to receive no further telephone solicitations.

82. As a result of Defendants' violations of N.C. Gen. Stat. § 75-102(b), and/or such violations by affiliates, agents, and other persons or entities acting on Defendants' behalf, Plaintiff and members of the North Carolina Internal DNC Class are entitled to

and do seek an award of $500 in damages for the first violation, $1,000 for the second violation, and $5,000 for the third and subsequent violations, in addition to injunctive relief and attorneys' fees and costs, pursuant to N.C. Gen. Stat. § 75-105(b)(1), (b)(2), and (d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, respectfully request that the Court enter judgment against Defendants for:

A.      Certification of the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      Appointment of Plaintiff as representative of the Classes;

C.      Appointment of the undersigned as counsel for the Classes;

D.      Adjudge that Defendants violated the TCPA and NCTSA;

E.      Adjudge that Defendants' violations of the TCPA and the NCTSA were willful;

F.      Damages to Plaintiff and members of the National DNC Class and the National Internal DNC Class pursuant to 47 U.S.C. § 227(c)(5);

G.      Damages to Plaintiff and members of the NCTSA DNC Class and the North Carolina Internal DNC Class pursuant to N.C. Gen. Stat. § 75-105(b)(1), (b)(2), and (d);

H.      Injunctive relief for Plaintiff and members of the Class, pursuant to 47 U.S.C. § 227(c)(5), and N.C. Gen. Stat. § 75-105(b)(1), preventing Defendants from making telemarketing calls to numbers listed on the National Do Not Call Registry and from making telemarketing calls to any person who has communicated to Defendants a request not to receive such calls;

I.      Award attorneys' fees and costs to Plaintiff and the Classes;

J.  Award Plaintiff and the Class pre-judgement and post-judgement interest at the highest legal rate provided by law;

K.  Grant Plaintiff's demand for trial by jury on all issues so triable; and

L.  Award Plaintiff and the Classes such other and further relief as this the court may deem just and proper.

Respectfully submitted and dated this 2nd day of June, 2026.

BY:  */s/ Karl S. Gwaltney*
Karl S. Gwaltney
**Maginnis Howard**
N.C. State Bar No. 45118
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Telephone: 919-526-0450
Fax: 919-882-8763
kgwaltney@carolinalaw.com
*Local Civil Rule 83.1 Counsel for Plaintiff*


Timothy J. Sostrin
Keith Keogh
**Keogh Law LTD**
55 W. Monroe St #3390
Chicago, IL 60603
Telephone: 866-726-1092
Fax: 312-726-1093
Tsostrin@Keoghlaw.com
Keith@Keoghlaw.com
*Subject to Pro Hac Vice*

***Attorneys for Plaintiff***