**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**Case No. 3:26-cv-00433-MEO-DCK**

**DELANDA ROBERTSON, on behalf of herself and all others similarly situated,**

**Plaintiff,**

**v.**

**JGW DEBT SETTLEMENT, LLC and THE J.G. WENTWORTH COMPANY, LLC,**

**Defendants.**

**DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Defendants JGW Debt Settlement, LLC ("JGW Debt") and The J.G. Wentworth Company, LLC ("JGW Co."), by and through undersigned counsel and pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectfully move to dismiss Plaintiff's First Amended Complaint [Dkt. 17].

First, the First Amended Complaint should be dismissed under Rule 12(b)(2) because Plaintiff cannot establish specific personal jurisdiction over either Defendant. The First Amended Complaint and jurisdictional record do not show that either Defendant purposefully directed the challenged calls to North Carolina, and the unidentified caller's alleged conduct is not attributable to either Defendant under ordinary agency principles. Plaintiff's residence in North Carolina, receipt of calls here, and alleged injury here do not substitute for suit-related forum contacts created by each Defendant.

Second, the First Amended Complaint should be dismissed under Rule 12(b)(6). It does not plausibly allege that JGW Debt initiated the calls or that the

unidentified caller acted with JGW Debt's authority. It likewise does not allege that JGW Co. placed the calls or plead facts supporting actual authority, apparent authority, or ratification. The federal do-not-call claims independently fail because 47 U.S.C. § 227(c) protects residential telephone subscribers, while the First Amended Complaint alleges calls only to Plaintiff's cellular telephone. Count II also fails to plead facts supporting the asserted policy, training, recordkeeping, and compliance deficiencies, and Count IV alleges that the challenged calls ceased within the thirty-business-day implementation period prescribed by N.C. Gen. Stat. § 75-102(c)(3).

The grounds for this Motion are set forth more fully in Defendants' contemporaneously filed Memorandum of Law in Support of Their Motion to Dismiss the First Amended Complaint and the Declarations previously filed at Dkt. 13-2 and Dkt 13-3, which Defendants incorporate by reference.

WHEREFORE, Defendants respectfully request that the Court dismiss all claims against JGW Debt and JGW Co. under Rule 12(b)(2). If the Court reaches the merits, Defendants respectfully request that the Court dismiss Counts I through IV against both Defendants under Rule 12(b)(6), together with such other and further relief as the Court deems just and proper.

**SIGNATURE PAGE TO FOLLOW:**

Respectfully submitted this 13th day of October, 2026.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

/s/ Christi R. Hunoval
Christi R. Hunoval
N.C. Bar No. 37194
101 S. Tryon St., Suite 2550
Charlotte, NC 28280
T: (704) 625-8000
chunoval@grsm.com

/s/ Benjamin L. Williams
Benjamin L. Williams
N.C. Bar No. 53665
150 Fayetteville St., Suite 1120
Raleigh, NC 27601
T: (919) 787-4555
blwilliams@grsm.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that I caused a copy of the foregoing **DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** to be filed electronically using the Court's CM/ECF filing system, which will cause a copy to be served on all counsel of record.

This 13th day of October, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Christi R. Hunoval*
Christi R. Hunoval
chunoval@grsm.com
N.C. Bar No. 37194
101 S. Tryon St. Ste. 2550
Charlotte, NC 28280
T: (704) 625-8000

*/s/ Benjamin L. Williams*
Benjamin L. Williams
blwilliams@grsm.com
N.C. Bar No. 53665
150 Fayetteville St., Ste. 1120
Raleigh, NC 27601
T: (919) 787-4555
*Attorneys for Defendants*